UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT SCOTT WRIGHT #567424           CIVIL ACTION

VERSUS                                NUMBER: 21-0485

STATE OF LOUISIANA, ET AL.            SECTION: "F"(5)

### REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(1)/28 U.S.C. §1915(e)(2)(B) motion to dismiss of the named Defendants herein, the State of Louisiana and Lt. Jonathan Tynes and Master Sergeant Jake Busby of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. (Rec. doc. 14). Plaintiff has filed a memorandum in opposition to Defendants' motion. (Rec. doc. 15). For the reasons that follow, it is recommended that Defendants' motion be granted in part.

Plaintiff, an inmate of RCC, complains of the alleged use of excessive force against him by the individual Defendants on September 3, 2019. (Rec. doc. 6-1, p. 5). He seeks the termination from employment of those Defendants as well as compensatory damages. (*Id.*). Defendants now move for the dismissal of Plaintiff's claims based primarily on sovereign immunity. (Rec. doc. 14). In opposing Defendants' motion, Plaintiff concedes to the dismissal of the State as a Defendant and he makes clear that the individual Defendants are sued in both their official and individual capacities. (Rec. doc. 15).

It is axiomatic that the Eleventh Amendment bars citizens' suits in federal court against states, their political subdivisions, and state officials acting in their official capacity. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)(citing

*Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986)).[1/] Because sovereign immunity deprives a court of jurisdiction, the claims so barred are appropriately dismissed without prejudice. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin v. City of New Orleans*, No. 06-CV-3231, 2006 WL 2849861 at *2-4 (E.D. La. Sept. 28, 2006). In light of these authorities and Plaintiff's concession as to the State, it will be recommended that Plaintiff's §1983 claims against the State and the individual Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's §1983 claims against the State of Louisiana and the individual Defendants in their official capacity be dismissed without prejudice for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

---

[1/] In addition, neither states, state departments, nor state officials acting in their official capacity are considered to be "persons" within the meaning of §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989); *Anderson v. Phelps*, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __7th__ day of _____July_____, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE