UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT SCOTT WRIGHT                                       CIVIL ACTION

VERSUS                                                    NO. 21-485

LOUISIANA STATE, *et al.*                                 SECTION M (5)

### ORDER & REASONS

Before the Court is the motion of plaintiff Robert Scott Wright, proceeding *pro se*, for leave to file amended complaint.[1] Defendants Jonathan D. Tynes and Jake D. Busby (together, "defendants") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Wright's motion for leave to file amended complaint.

**I.    BACKGROUND**

Wright is a prisoner-plaintiff who is asserting claims against Tyne and Busby under 42 U.S.C. § 1983 for an alleged instance of excessive force that occurred during his incarceration at Rayburn Correctional Center ("RCC"). On September 3, 2019, Wright alleges that defendants, while working as correctional officers at RCC, used excessive force during an interaction with Wright while he was in his cell.[3] After exhausting the administrative remedy process,[4] Wright filed suit against Tynes and Busby in both their official and individual capacities, as well as against the State of Louisiana, seeking damages pursuant to § 1983.[5] Wright's claims against the state, and his claims against Tynes and Busby in their official capacities, were subsequently dismissed.[6]

---

[1] R. Doc. 44.
[2] R. Doc. 47.
[3] R. Doc. 6-1 at 4-5.
[4] R. Doc. 6-2 at 2-3, 6.
[5] R. Docs. 6 at 1; 6-1 at 5.
[6] R. Doc. 20. The claims against Tynes and Busby in their individual capacities remain before the Court. *Id.*

Wright now requests leave to file an amended complaint to allege that, during his January 17, 2023 transfer from RCC to Allen Correctional Center ("ACC"), half of his property – including the work he had prepared in anticipation of trial in this matter – was "lost" as a result of an unspecified correctional officer's purported failure to ship the items to ACC.[7]

## II.  PENDING MOTION

In his motion for leave to file amended complaint, Wright requests the Court to "[a]dd[]" claims for retaliation and "tampering with a [l]egal mat[t]er" based on the alleged loss of his property during the transfer from RCC to ACC.[8] He alleges that an unspecified correctional officer at RCC shipped only half of his property to ACC and, as a result, he "lost all [his] [l]egal work and everything [he] had for [t]rial."[9] In the motion, Wright concedes that he has not exhausted the administrative remedy process for this new alleged harm, but nevertheless requests that the Court permit him to file the amended complaint.[10]

In opposition, defendants argue that, under Rule 15(a) of the Federal Rules of Civil Procedure, the Court should deny Wright's request because the amended complaint would unduly delay the litigation.[11] Defendants maintain that Wright's proposed amended complaint is an attempt to "confuse the matters at issue in the current lawsuit," which involve injuries from an alleged use of excessive force that occurred in 2019, with new allegations concerning a wholly unrelated incident in 2023.[12] In further support of their contention that the litigation would be unduly delayed, defendants observe that Wright's proposed amended complaint comes "nearly two months after" the December 28, 2022 deadline for amending pleadings established by the

---

[7] R. Doc. 44 at 1.
[8] *Id.*
[9] *Id.*
[10] *Id.* ("I am going to do a[n] ARP [*i.e.*, administrative remedy process] on this but am asking the Court to [a]dd[] this to my suit").
[11] R. Doc. 47 at 2.
[12] *Id.* at 1.

Court's scheduling order.[13] Finally, defendants argue that Wright has not exhausted the administrative remedy process with respect to his new allegations, and, so, the request should be denied on that ground alone.[14]

### III. LAW & ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with leave of court, and that courts "should freely give leave when justice so requires." Under Rule 15(a)(2), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). However, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." In evaluating whether the movant has demonstrated good cause, courts "consider '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alterations omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* In *S&W Enterprises*, for example, the Fifth Circuit affirmed the district court's denial of leave to amend under Rule 16(b)(4)'s good cause standard because the movant failed to offer an adequate

---

[13] *Id.* at 2 (citing R. Doc. 40 at 1).
[14] *Id.* at 2-3.

explanation for missing the deadline for the amendment of pleadings established in the scheduling order, the amendment would require additional discovery, and a continuance would needlessly delay the trial. *Id.* at 536-37; *see also Santacruz v. Allstate Tex. Lloyd's, Inc.*, 590 F. App'x 384, 389-91 (5th Cir. 2014) (affirming denial of leave to add new claim in post-deadline amendment where explanation for missing deadline was unsatisfactory, the amendment would require the reopening of discovery, and the resulting prejudice could not be cured by a continuance).

Here, the Court's scheduling order required amendments to pleadings to be filed by December 28, 2022.[15]  Wright's motion for leave to file an amended complaint was filed on February 17, 2023.[16]  Therefore, Wright must satisfy the good cause standard imposed by Rule 16. In his motion, Wright does not address whether good cause exists as would justify a modification of the scheduling order. And while the complained-of conduct that Wright seeks to include in the proposed amended complaint did not occur until January 17, 2023, after the Court's amendments deadline, the Court finds that the other factors weigh against a finding of good cause.

As for factor two, the importance of the amendment, Wright's proposed pleading simply amounts to allegations that half of his property was lost – including materials pertaining to this suit – following his transfer from one correctional facility to another. Based on this loss, he concludes, without providing any factual allegations in support, that an unspecified correctional officer at RCC acted in retaliation for an incident that purportedly occurred in 2019.[17]  He does not allege that Tynes or Busby were involved in the loss of his property or "legal materials" or otherwise relate the new allegations to the 2019 incident in any meaningful way. Moreover, Wright admits that he has not exhausted the available administrative remedies with respect to these

---

[15] R. Doc. 40 at 1.
[16] R. Doc. 44.
[17] *Id.* at 1.

4

new allegations, which (as discussed below) is a prefiling requirement pursuant to the Prison Litigation Reform Act ("PLRA").  Finally, the denial of Wright's motion will in no way preclude his ability to file a separate lawsuit based on the allegations contained in his proposed amended complaint (following, of course, the exhaustion of administrative remedies).  Consequently, the lack of importance of the proposed amended complaint weighs against a showing of good cause.

With respect to factors three and four, Wright does not address the prejudice to the opposing parties resulting from an amendment that would effectively add new claims and unknown parties to a proceeding in which trial is set to commence on July 24, 2023.  Defendants will undoubtedly be prejudiced by a delay of the trial, as discovery deadlines have either passed or are rapidly approaching.[18]  Moreover, a continuance will not cure this prejudice, but will instead unnecessarily delay trial of the 2019 incident based on unrelated allegations, against as-yet unidentified new parties, stemming from Wright's transfer between correctional centers in 2023. Hence, factors three and four weigh against a showing of good cause.  *See S&W Enters.*, 315 F.3d at 536-37; *Panzer v. Swiftships, LLC*, 2016 WL 9446130, at *3 (E.D. La. July 5, 2016) (denying motion for leave to file amended complaint as prejudice would result from plaintiff adding additional party at a late stage of the proceedings); *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, 2015 WL 1415704, at *4 (E.D. La. Mar. 27, 2015) (denying motion for leave to file amended complaint at late stage of proceedings as prejudice would result where proposed amended complaint "not only includes new factual allegations, but also includes new claims for relief").  In sum, good cause does not exist as would justify an amendment to the Court's scheduling order under Rule 16(b)(4).

Even assuming that Wright has demonstrated good cause under Rule 16(b)(4), the Court

---

[18] *See* R. Doc. 40 at 1-3.

declines to permit the proposed amendment under Rule 15(a)(2) for two reasons. First, the proposed amended complaint would unduly delay the litigation. As the Fifth Circuit has observed, "delay alone is an insufficient basis for denial of leave to amend: The delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (emphasis in original).

This litigation has been pending before the Court since March 2021. Following significant pretrial litigation, which involved the dismissal of several of Wright's claims and one party-defendant,[19] the Court entered a scheduling order on November 28, 2022.[20] The deadline to exchange initial disclosures has long since passed and numerous discovery deadlines are rapidly approaching. For example, Wright's expert disclosures must be made by March 27, 2023, and the parties' deadline to exchange witness and exhibit lists is April 25, 2023.[21] The parties, then, are in the middle of discovery, and allowing Wright to file an amended complaint that would add an unknown number of unnamed defendants under a theory of liability unrelated to the original complaint would unduly delay the litigation. *See Parker v. Gusman*, 2012 WL 7338060, at *2 (E.D. La. Nov. 16, 2012) (denying prisoner-plaintiff's motion for leave to file amended complaint where "[t]he claim set forth in [the] amended complaint [was] unrelated to the subject matter of [the] original complaint"), *adopted*, 2013 WL 695007 (E.D. La. Feb. 26, 2013); *Lewis v. Todd*, 2019 WL 7811238, at *2 (E.D. La. Nov. 20, 2019) (denying prisoner-plaintiff's motion for leave to file amended complaint where "the events that [p]laintiff complains of in his motion and proposed amended complaint are of a much more recent vintage and involve a number of new and different claims and [d]efendants"), *adopted*, 2020 WL 491186 (E.D. La. Jan. 30, 2020); *see also*

---

[19] R. Doc. 20.
[20] R. Doc. 44.
[21] *Id.* at 2-3.

*Mayeaux*, 376 F.3d at 427 (affirming the district court's denial of plaintiffs' motion for leave to file amended complaint where the proposed pleading "essentially pleaded a *fundamentally different* case with new causes of action and different parties" at an advanced stage of the litigation) (emphasis in original); *Cox v. LeBlanc*, 2010 WL 5525076, at *3 (E.D. La. Dec. 9, 2010) ("Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act."), *adopted*, 2011 WL 39868 (E.D. La. Jan. 3, 2011).

Second, the amendment would be futile. Denial of a motion for leave to amend is appropriate for this reason "where the proposed amendment ... could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Wright concedes in his motion that he has not yet exhausted the administrative remedy process with respect to the incident alleged in the proposed amended complaint.[22] Pursuant to the PLRA, prisoner-plaintiffs must exhaust their administrative remedies before bringing an action under § 1983 for injuries related to prison conditions. 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Fifth Circuit is clear that "district courts have no discretion to waive the PLRA's

---

[22] R. Doc. 44 at 1. Wright states that he is "going to do a[n] [administrative remedy process]" on the new allegations but nevertheless asks the Court to include the retaliation and "tampering with a [l]egal [m]at[t]er" claims in the suit. *Id.*

pre-filing exhaustion requirement ... and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Since Wright concedes that he has not exhausted administrative remedies with respect to the alleged incident described in the proposed amended complaint, denial of the motion is appropriate because the amendment would be futile.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Wright's motion for leave to file amended complaint (R. Doc. 44) is DENIED.

New Orleans, Louisiana, this 23rd day of March, 2023.

                                                        BARRY W. ASHE
                                                        UNITED STATES DISTRICT JUDGE