UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT SCOTT WRIGHT | CIVIL ACTION |
| VERSUS | NO. 21-485 |
| LOUISIANA STATE, *et al.* | SECTION M (5) |

## **ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendants Jonathan D. Tynes and Jake D. Busby in their individual capacities.[1]  The motion was set for submission on May 18, 2023.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance May 10, 2023.  Plaintiff Robert Scott Wright, who is proceeding *pro se*, did not file any opposition.[3]  Accordingly, because the motion is unopposed and appears to have merit,[4]

---

[1] R. Doc. 50.

[2] R. Doc. 50-11.

[3] A *pro se* litigant is not exempt from compliance with established rules of practice and procedure, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), and courts "expect [such] litigants to meet court deadlines and observe the rules of civil procedure." *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015).

[4] Wright is a prisoner-plaintiff asserting claims against Tyne and Busby under 42 U.S.C. § 1983 for an alleged instance of excessive force that occurred during his incarceration at Rayburn Correctional Center ("RCC").  On September 3, 2019, Wright was transferred to a different unit for suicide watch.  During officers' attempt to remove Wright's handcuffs once he was relocated, a struggle ensued, and Wright was injured.  R. Docs. 50-4; 50-5; 50-6; 50-7.  Wright alleges that Tyne and Busby used excessive force in violation of his Eighth Amendment rights during this interaction.  R. Doc. 6-1 at 4-5.  After the matter was transferred to this Court, Wright's claims against the State of Louisiana and against Tyne and Busby in their official capacities were dismissed.  R. Doc. 20.  At this stage, then, only Wright's claims against Tynes and Busby in their individual capacities remain pending before the Court.  In their motion for summary judgment, Tynes and Busby argue that Wright's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (the "*Heck* doctrine") and its progeny, and thus they are entitled to summary judgment as a matter of law.  R. Doc. 50 at 6-15.  Defendants also assert that qualified immunity bars Wright's individual-capacity claims against them.  *Id.* at 15-20.  As the Fifth Circuit has recently explained, "[u]nder [the *Heck* doctrine], a convicted criminal may not bring a claim under 42 U.S.C. § 1983, if success on that claim would necessarily imply the invalidity of the prior criminal conviction."  *Aucoin v. Cupil*, 958 F.3d 379, 380 (5th Cir. 2020).  That principle has been extended to bar "a § 1983 claim for excessive use of force by a prison guard, if the inmate has already been found guilty for misconduct that justified that use of force."  *Id.* at 381.  "*Heck* therefore bars claims that would, if accepted, 'negate'

IT IS ORDERED that defendants' motion for summary judgment (R. Doc. 50) is GRANTED.

IT IS FURTHER ORDERED that Wright's remaining claims against defendants Tynes and Busby are DISMISSED WITH PREJUDICE, each party to bear his own costs.

---

a prison disciplinary finding that had resulted in the loss of good-time credits." *Santos v. White*, 18 F.4th 472, 476 (5th Cir. 2021). "Whether the plaintiff in fact seeks the restoration of good time credits, rather than another remedy such as damages, is immaterial." *Gray v. White*, 18 F.4th 463, 467 (5th Cir. 2021). When "applying *Heck*, a court must bar only those claims that are 'necessarily at odds with' the disciplinary rulings, and only with those rulings that resulted in the loss of good time credits." *Santos*, 18 F.4th at 476-77 (quoting *Aucoin*, 958 F.3d at 383). Here, Wright maintains absolute innocence with respect to the incident that resulted in defendants' alleged use of excessive force. R. Docs. 6-1 at 5; 6-2 at 2. Specifically, in his complaint, Wright alleges that Tynes intentionally broke one of his fingers and did so without any apparent provocation or justification. R. Doc. 6-1 at 5. Similarly, in Wright's request for an administrative remedy, he states that he "attempted to follow all orders given to me," and that he "did not curse or threaten the officers." R. Doc. 6-2 at 2. Additionally, he maintains that he did not attempt to pull the handcuffs back into his cell once he placed his hands in the tray between the cell bars for the officers to remove them. *Id.* Conversely, the incident report prepared following the event, R. Doc. 50-6, along with the declarations of Tynes, R. Doc. 50-4, and Busby, 50-6, all contradict Wright's assertions that he complied with all orders given and that he did not attempt to pull the handcuffs back into his cell. Indeed, following the incident, Wright was charged with "[d]efiance" and "[a]ggravated disobedience" for his actions and was assessed 90 days of good behavior time for each disciplinary infraction. R. Doc. 50-6 at 1-2. The evidence before this Court does not indicate that these disciplinary convictions have been overturned in any way. Moreover, the investigation that was conducted following Wright's request for an administrative remedy concluded that "[t]here does not appear to be any evidence to substantiate [his] allegations of excessive force." R. Doc. 50-8 at 5. This conclusion was affirmed after an additional administrative review. R. Doc. 50-8 at 7. Given the elements of Wright's disciplinary offenses, R. Doc. 50-9 at 20-21, and the allegations of his complaint, the conclusion necessarily follows that "by maintaining his complete innocence as to all charges, [Wright] directly challenges an element of each criminal offense and proof of fact," and, therefore, "[a] judgment in his favor would mean that the elements of the charges against him were not satisfied." *Autin v. Goings*, 2023 WL 3004142, at *4 (5th Cir. Apr. 19, 2023). Such a conclusion contravenes *Heck*, and, so, summary judgment in favor of Tynes and Busby on Wright's individual-capacity claims is proper on this basis alone.

As an alternative basis for summary judgment, defendants argue that Wright's individual-capacity claims are barred by qualified immunity. R. Doc. 50 at 15-20. Defendants originally raised this argument in their answer. R. Doc. 38 at 3. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). "'A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available.'" *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016)). In order for Wright to demonstrate that qualified immunity does not apply, he must show (1) that the defendants "'violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Id.* (quoting *Morgan*, 659 F.3d at 371) (internal quotation marks omitted). To rebut the defense of qualified immunity, Wright cannot rely on his allegations alone. *Id.* at 654. Here, Wright has offered no rebuttal whatsoever to defendants' invocation of qualified immunity. He neither demonstrates that their conduct violated "clearly established law," nor does he point to evidence indicating that "genuine issues of material fact exist regarding the reasonableness of the [defendants'] conduct." *Id.* (quotation omitted). Accordingly, summary judgment in favor of defendants on Wright's remaining individual-capacity claims is also proper because Wright has not negated the defense of qualified immunity.

New Orleans, Louisiana, this 22nd day of May, 2023.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE